Court of Common Pleas for Hamilton County.

## IN RE LOUISE BETTIS.

Decided December 22, 1930.

*Howard D. Porter,* for petitioner.
*Duncan C. Bradford,* for respondent.

BELL, J.

This is an action in habeas corpus. The petitioner, Charles Bettis, claims that a child, Louise Bettis, is illegally restrained and deprived of her liberty without legal authority by Pearl Bettis, and prays that upon a hearing the said Louise Bettis may be discharged from such illegal restraint.

The petitioner, Charles Bettis, is the husband of Pearl Bettis, and Louise Bettis is their child.

The question here presented arises out of a divorce proceeding, which was commenced by Pearl Bettis in the Common Pleas Court of Columbiana county. The petition was filed in September, 1929. Whether or not the defendant was served with a summons, and what, if any, pleading he filed in that case is not disclosed by the evidence in this case. On February 28 of this year, the court made the following journal entry:

"This matter came on this day to be heard and was submitted to the court upon the petition and the evidence; upon consideration whereof, being fully advised in the premises, the court finds that the plaintiff has failed to show any cause for divorce from the defendant, and that therefore the prayer of the petition is refused and the plaintiff denied a divorce.

"The court further finds that the entry heretofore made

awarding the custody of Louise Bettis to plaintiff and ordering defendant to pay to plaintiff bi-weekly the sum of fifteen dollars for the support of said Louise Bettis should be, and hereby is vacated; and it is adjudged that until otherwise ordered by this court, and so long as said child remains in the custody of plaintiff, that the defendant be required to make no payment to plaintiff for the support of said child. And the court not desiring to make any order herein respecting the custody of said child, retains jurisdiction of this case for future orders respecting said matters."

By this journal entry the court, after disposing of the application for divorce, attempted to retain jurisdiction over the child of these parties. Thereafter, and while the plaintiff was·out of the jurisdiction of that court, upon an application by the defendant, the court had a hearing and made the following journal entry:

"This cause came on this day to be heard and was submitted to the court upon the application of the defendant for an order for the custody of Louise Bettis, minor child of the parties hereto, on the evidence. Upon consideration whereof, being fully advised in the premises, the court finds that it will be to the best interest of said infant that the prayer of said application be granted.

It is therefore ordered that the custody, care and control of said minor child, Louise Bettis, be, and the same hereby is granted to defendant Charles Bettis until the further order of this court.

The plaintiff shall have the right to visit said child at the home of the defendant Charles Bettis at any reasonable time,· and shall have the further right to have said child with her during the day one day each week, provided said child is not taken by plaintiff outside of Columbiana county, Ohio."

The claim of defendant is based upon this journal entry awarding to him the custody of Louise Bettis.

The sole question for determination in this case is— did the court of Columbiana county have jurisdiction to make the order with reference to the custody of Louise Bettis, after disposing of the divorce case between the parties?

To determine this question it is necessary to consider

the statutes of Ohio in regard to divorce, alimony and custody of children.

The chapter on divorce and alimony is numbered Sections 11979 to 12003 inclusive. In considering the question presented, it is necessary to keep in mind that the juvenile court act of this state grants to the juvenile court the power to take care of children and make proper orders for their custody, care and management, without regard to the question of whether or not the parents are separated or living together, and where the custody and control of children come before the court in cases of divorce and alimony, they are entirely incidental and dependent alone upon the divorce or alimony proceedings, and the only power to make disposition of children in a divorce or alimony case which the court has been able to find is Sections 11987 and 11998 of the General Code of Ohio.

Section 11987 provides:

"The granting of a divorce and dissolution of a marriage in no wise shall affect the legitimacy of the children of the parties thereto. The court shall make such order for the disposition, care and maintenance of the children, if any, as is just."

This section of the statute takes care of the situation where a divorce is granted.

Section 11998 provides:

"Upon satisfactory proof of any of the charges in the petition, the court shall make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money payable either in gross or by installments."

This section of the code takes care of the situation where only alimony is granted by the court.

There is no provision in the General Code of Ohio that the court may deny a divorce or alimony and still retain the cause and make disposition of the children.

When the Court of Common Pleas of Columbiana county

dismissed the plaintiff, Pearl Bettis' petition for divorce, that the jurisdiction of the court ended and that the court was without any jurisdiction to make disposition of the child, and when by the entry of March 11, 1930, the court attempted to transfer the care, custody and control of the minor child Louise Bettis to Charles Bettis, the petitioner in this case, it was acting without jurisdiction, and the journal entry of that date was illegal and void.

This question has never been passed upon by the courts of this state, but authority can be found elsewhere for the view here taken.

In the case of *Brenot* v. *Brenot,* 102 Calif., page 294, the Supreme Court of California held that, where both parties are denied a divorce, the court should not make an order as to the care and custody of a child, since in an action for divorce the question of the custody of the children is entirely incidental and dependant alone upon the divorce proceedings.

In *Lord* v. *Lord,* 80 W. Va., 547, the Supreme Court of West Virginia held:

"In a suit for divorce in which the prayer for relief is denied and no divorce granted, there is no jurisdiction to alter the custody of the children of the parties thereto."

In this case in discussing the question of the power of the court to alter the custody of the children the court says:

"It would tend to prevent reconciliation and resumption of co-habitation, favored and enforced by the law as far as is reasonably practicable. To refuse a divorce in obedience to this policy on the one hand, and take the child or children, constituting the nearest tie between the parties, from one of them in disregard thereof, on the other hand would be inconsistent and destructive of declared policy, which would necessarily involve the extension of judicial aid in the maintenance of separation and establishment of cause for divorce."

In the case of *Elizabeth Davis* v. *George B. Davis,* 75 N. Y., page 221, the court of last resort in New York, in passing upon this question, uses this language:

"In an action for divorce brought by the wife against

the husband, the court, after it has denied the party relief sought, on the ground that the evidence failed to show facts to establish any of the causes for which a separation can be adjudged, has no power to give judgment relating to the custody of the children of the marriage to the plaintiff and make a provision for their maintenance out of the property of the husband; upon failure of the plaintiff to make out a case for divorce, the defendant is entitled to judgment dismissing the complaint."

A comparison of the statutes of New York with the statutes of Ohio will disclose that the powers granted to the courts by the statutes of these two states are practically identical.

In *Keppel* v. *Keppel*, 17 S. E. Rep., the Supreme Court of Georgia in considering this question decided as follows:

"Under Section 1733 of the Code the court can make a final disposition of children only where divorce is granted. Where the case is terminated without a divorce being granted to either of the parties the court can exercise no such power though the attempt to exercise it be made during the term in which the final verdict refusing the decree was rendered."

It would be an anomaly in legal proceedings to allow a plaintiff who had failed to establish a claim to the particular relief sought to have a decree for the mere incidents to that relief.

From a reading of the statutes with reference to the jurisdiction of the Juvenile Court, and the jurisdiction of the Common Pleas Courts in divorce and alimony cases, the court is of the opinion that it is the policy of this state in divorce or alimony cases, wherein the court grants relief to an aggrieved party, incidentally the court may make an order for the disposition, care and maintenance of the minor children of the parties. But where the court fails to grant relief there is no power in any court, except the Juvenile Court, to take the children from one of the parents and award their custody to the other, or to take the children from their parents and award custody to any third party.

Entertaining this view, it follows that the petition for the writ should be, and hereby is denied.